UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard L. Heller,

Plaintiff,

v.

Razor USA L.L.C., a California Limited Liability Company,

Defendant.

Civ. File No. 01-1203 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant's Motion to Dismiss for improper venue. For the reasons that follow, the Court grants the Motion and dismisses Plaintiff's claims without prejudice.

**BACKGROUND**

Defendant Razor USA, L.L.C. ("Razor") is a California limited liability company with its primary place of business in Cerritos, California. Razor has the legal right to sell authentic Razor scooters. Plaintiff Richard Heller resides in Minnesota. Heller approached Razor, aspiring to market Razor scooters.

Heller then negotiated and drafted a Manufacturer's Representative Agreement, which both parties eventually signed. According to Heller, this agreement essentially provided that Heller would exclusively service a number of Razor's accounts. Heller claims that Razor breached the Agreement from the start by having other contractors service these accounts and

FILED OCT 25 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. OCT 2 2001
DEPUTY CLERK

by concealing this fact from him. Accordingly, Heller is seeking damages for the loss of commissions that he would have received under the agreement.

Razor argues that the Agreement contains a forum selection clause which renders venue improper in Minnesota. In pertinent part, the Agreement states that Heller will "not institute legal proceedings of any kind for any reason against RAZOR USA in any state other than the state of California." (Granberg Aff. Ex. A at § 1.05.) Pursuant to this language, Razor contends that this case should be dismissed without prejudice.

**DISCUSSION**

Forum selection clauses are enforceable unless they are invalid or their enforcement would be unreasonable and unjust. Dominium Austin Partners v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001); see also Marano Enters. of Kansas v. Z-TECA Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001) (a "forum-selection clause . . . is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion") (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n. 14 (1974)). Such a clause is presumptively enforceable and is not disregarded unless it is clear that it "would actually deprive the opposing party of his [or her] fair day in court." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590-95 (1991)). The decision to dismiss a case for failure to comply with a forum-selection clause rests soundly within the discretion of the Court. See, e.g., M.B. Rests., 183 F.3d at 753 (affirming a district court's dismissal for improper venue pursuant to a forum selection clause because the

court did not abuse its discretion); Marano Enters., 254 F.3d at 758 (same).

Heller does not dispute that dismissal is an appropriate means to enforce a forum selection clause. Instead, Heller argues that the clause at issue in this case is not a forum selection clause but is instead a personal covenant not to sue. Heller distinguishes the forum selection clauses considered in M.B. Rests. and Marano Enters., pointing out that those clauses selected the forum for both parties to the contract. They were, in other words, reciprocal. In this case, Heller notes that the relevant provision in the Manufacturer's Representative Agreement applies only to him. Razor is free, in theory, to "institute legal proceedings against Heller in any forum in the world." (Pl.'s Mem. at 4.)

Heller cites only a single case that involved a one-sided forum selection clause. See The Monrosa v. Carbon Black Export, Inc., 359 U.S. 180 (1959). As Razor notes, however, The Monrosa was a merely decision dismissing certiorari and not one on the merits. It is, therefore, disingenuous to suggest that the opinion has any precedential value. Additionally, The Monrosa says very little about the enforceability of a one-sided forum selection clause.

In the absence of any legal authority, the Court is not persuaded by the distinction that Heller draws between one-sided forum selection provisions and reciprocal forum selection provisions. Foundational principles of contract formation dictate that parties be allowed flexibility in fashioning forum selection clauses that meet their particular needs. This is especially true where the complaining party cannot, in reality, claim that enforcement of a one-sided forum selection clause would be unreasonable or unjust.

In this case, it seems that this suit could only be brought in Minnesota or California. Razor would have little reason to bring a suit against Heller in Minnesota, even if it potentially has that right. Razor is headquartered in California while Heller resides in Minnesota. Even if Razor did, for some reason, bring a suit against Heller in Minnesota, however, it is difficult to see how such a suit would unreasonably or unjustly prejudice Heller in any way.

For the foregoing reasons and based on all the files, records, and proceedings herein, the Court finds that the forum selection clause in the Manufacturer's Representative Agreement is enforceable. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss for Improper Forum (Clerk Doc. No. 4 ) is **GRANTED**; and

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 25, 2001

Paul A. Magnuson
United States District Court Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

# CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.